IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03265-BNB

LARRY GORDON,

    Plaintiff,

v.

TOM CLEMENT [sic], Executive Director (CDOC),
VANCE EVERETT, Warden, Kit Carson Correctional Center,
COLLEEN BLAKE,
JANE DOE, Law Librarian #1,
DAVIS, Case Manager,
TRESSIE DELGADO, CM,
JANE DOE #3, Sgt. Echo Bravo Pod, and
MILLER, Officer,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Larry Gordon, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the correctional facility in Limon, Colorado. Mr. Gordon initiated this action by filing *pro se* a civil rights complaint asserting claims pursuant to 42 U.S.C. § 1983, among other statutes, that his rights under the United States Constitution have been violated. He asks for money damages.

    The Court must construe the complaint liberally because Mr. Gordon is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Gordon will be ordered to file an amended complaint if he wishes to pursue

his claims in this action.

As background for his three asserted claims, Mr. Gordon alleges that on August 12, 2012, he was transferred from the Limon Correctional Facility to the Kit Carson Correctional Center in retaliation for filing a complaint alleging discrimination on the basis of race with the Office of Civil Rights at the United States Department of Justice (DOJ). He also alleges that on September 15, 2012, he suffered an open-head injury in Echo Bravo pod as officers looked on through pod windows, demonstrating their lack of training to handle such situations. On the basis of these allegations, Mr. Gordon asserts he was denied: (1) due process when he was held in special isolation for filing the DOJ complaint; (2) equal protection by being held in a harsh environment, apparently special isolation, because of his race; (3) and medical treatment for his open-head injury by not being taken to a doctor and by being taken off medication for high-blood pressure. He appears to be suing Tom Clements, DOC executive director, and Vance Everett, Kit Carson Correctional Center warden, in their supervisory capacities only.

Mr. Gordon's complaint fails to provide a short and plain statement of his claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The complaint is vague, fails to specify which claim is asserted pursuant to which statute, and fails to demonstrate clearly and succinctly the personal participation of each named defendant in the alleged constitutional violations.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See*

*Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

In order to state a claim in federal court, Mr. Gordon "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive

individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Gordon should name as defendants in his amended complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Gordon must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). With respect to supervisory officials, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of *respondeat superior*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2)

caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Mr. Gordon may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Gordon uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Gordon, therefore, will be directed to file an amended complaint that sues the proper parties, states his claims clearly and concisely, specifies which claim or claims are asserted pursuant to which statute, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. It is Mr. Gordon's responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

Accordingly, it is

ORDERED that Plaintiff, Larry Gordon, file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) and other directives as discussed in this order. It is

FURTHER ORDERED that Mr. Gordon shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the amended complaint. It is

FURTHER ORDERED that, if Mr. Gordon fails to file an amended Prisoner

Complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED January 11, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge