IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03265-BNB

LARRY GORDON,

    Plaintiff,

v.

BARACK OBAMA,
KATHLEEN SEBELIUS,
TOM CLEMENTS,
VANCE EVERETT,
FRANCIS FAULK,
C/O MILLER,
COLLEEN BLAKE, and
TRESSIE DELGADO,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Larry Gordon, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the correctional facility in Limon, Colorado. Mr. Gordon initiated this action by filing *pro se* a civil rights complaint for money damages asserting claims pursuant to 42 U.S.C. § 1983, among other statutes, that his rights under the United States Constitution have been violated.

On January 11, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Gordon to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, sued the proper parties, specified which claim or claims are asserted pursuant to which statute, and alleged specific facts demonstrating how each named Defendant personally participated in the

asserted constitutional violations. Magistrate Judge Boland warned Mr. Gordon that the complaint and the action would be dismissed without further notice if he failed within the time allowed to file an amended complaint that complied with the January 11 order.

On February 4, 2013, Mr. Gordon submitted an amended Prisoner Complaint pursuant to § 1983, among other statutes, asking for money damages and unspecified declaratory relief. The Court must construe the amended complaint liberally because Mr. Gordon is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). For the reasons stated below, the amended complaint will be dismissed.

Like the complaint he originally filed, Mr. Gordon's amended complaint fails to provide a short and plain statement of his claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The amended complaint remains vague, fails to specify which claim is asserted pursuant to which statute, and fails to demonstrate clearly and succinctly the personal participation of each named Defendant in the alleged constitutional violations.

Mr. Gordon again alleges as background for his three asserted claims that he was retaliated against for filing a complaint alleging discrimination on the basis of race with the United States Department of Health and Human Services. He contends that, to deprive him of sleep, he was placed in a double cell with a gang member who inflicted

on him a head injury as correctional officers "turned a blind-eye," ECF No. 10 at 12, and never was seen by a doctor for his injury. He also contends he has been denied all other pain medication as punishment. On the basis of these allegations, Mr. Gordon asserts he was denied (1) due process by being held in special isolation for filing the Health and Human Services complaint and intentionally subjected to sleep deprivation; (2) equal protection by being denied the same protection afforded to other DOC inmates; and (3) emergency medical treatment for his head injury.

In the January 11 order for an amended complaint, Magistrate Judge Boland explained to Mr. Gordon how he must file an amended complaint that complied with the pleading requirements of Fed. R. Civ. P. 8 and allege the personal participation of each named Defendant. *See* ECF No. 9 at 2-6. However, the amended complaint contains even fewer facts than did the complaint originally filed. In addition, instead of asserting as part of the appropriate claim or claims the role each Defendant allegedly played in violating his constitutional rights, Mr. Gordon creates a separate section with such information. *See* ECF No. 10 at 3-10. This organization requires the Court and Defendants to speculate about which claim or claims in the amended complaint are asserted against which Defendant. Moreover, Mr. Gordon has failed to include in the caption to the amended complaint all the parties he apparently wants to sue, many of whom are listed in the text of the complaint only. *See* ECF No. 10 at 5-8.

Mr. Gordon must present his claims in a manageable format that allows the Court and Defendants to know with certainty the claims being asserted against them so that they may respond to those claims. Mr. Gordon has failed to allege, simply and concisely, his specific claims for relief, including the specific acts of each Defendant that

allegedly violated his rights.  Neither the Court nor Defendants are required to sift through Mr. Gordon's allegations to determine against which Defendant or Defendants they are asserted.  As Magistrate Judge Boland informed Mr. Gordon in the January 11 order for an amended complaint, the general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  See ECF No. 9 at 3 (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).  Mr. Gordon has failed to comply with Rule 8 because he has failed to "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Therefore, the amended complaint will be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Gordon files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Prisoner Complaint (ECF No. 10) filed on February 4, 2013, and the action are dismissed without prejudice pursuant to Rules 8 and 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Larry Gordon, to

comply with the pleading requirements of Rule 8 and the directives of the order of January 11, 2013, for an amended complaint.  It is

    FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

    FURTHER ORDERED that any pending motions are denied as moot.

    DATED at Denver, Colorado, this  1st  day of   March   , 2013.

                        BY THE COURT:


                        s/Lewis T. Babcock
                        LEWIS T. BABCOCK, Senior Judge
                        United States District Court