IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03265-LTB

LARRY GORDON,

    Plaintiff,

v.

BARACK OBAMA,
KATHLEEN SEBELIUS,
TOM CLEMENTS,
VANCE EVERETT,
FRANCIS FAULK,
C/O MILLER,
COLLEEN BLAKE, and
TRESSIE DELGADO,

    Defendants.

ORDER DENYING MOTION TO RECONSIDER

    Plaintiff, Larry Gordon, filed *pro se* on March 13, 2013, a petition for rehearing (ECF No. 14) in which he asks the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on March 1, 2013, in order to consider his amended claims. The Court must construe the petition for rehearing liberally because Mr. Gordon is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the petition will be construed liberally as a motion to reconsider, and will be denied.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Gordon's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

The Court dismissed the instant action without prejudice pursuant to Fed. R. Civ. P. 8 and 41(b) for Mr. Gordon's failure to file an amended complaint that complied with the pleading requirements of Rule 8 and the directives of the order of January 11, 2013, for an amended complaint. The March 1 dismissal order discusses in greater detail the reasons for the dismissal.

AFter consideration of the motion and the entire file, the Court finds that Mr. Gordon fails to demonstrate some reason why the Court should reconsider and vacate

the order to dismiss this action.  In fact, Mr. Gordon fails to address the reasons for the dismissal at all.  The motion for reconsideration does not alter the Court's conclusion that this action properly was dismissed.  Therefore, the motion to reconsider will be denied.

Accordingly, it is

ORDERED that the petition for rehearing (ECF No. 14) which Plaintiff, Larry Gordon, filed *pro se* on March 13, 2013, and which the Court has treated as a motion to reconsider, is denied.

DATED at Denver, Colorado, this  29th  day of   March  , 2013.

BY THE COURT:


  s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court